(No. 1069—Claimant awarded $556.25.)

PERFECTION STOVE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

FRANCHISE TAX—*refund when erroneously paid.* Where it clearly appears that a larger tax has been computed by the Secretary of State through a mistake, than is due the State, and the tax is paid, a refund will be awarded for the overpayment.

BENJ. F. CASSIDAY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This is a claim for a refund of $556.25 franchise tax erroneously paid to the Secretary of State in excess of the amount legally due the State under the provisions of the General Corporation Act, for the year beginning July 1, 1924, and ending June 30, 1925.

The declaration alleges that claimant is a corporation existing under the laws of the State of Ohio; that on June 28, 1918, it was authorized to do business in the State of Illinois under the name of the Cleveland Metal Products Company, and is entitled to all the rights and privileges granted to foreign corporations under the laws of Illinois; that its principal place of business for Illinois is in Chicago; that it has a capital stock of $10,000,000.00; that on February 2, 1924, it filed a certificate of increase of capital stock from $10,000,000.00 to $15,000,000.00 and on June 2, 1924, filed a certificate of decrease of capital stock from $15,000,000.00 to $10,000,000.00. The declaration also states that on the 16th day of October, 1925, claimant filed with the Secretary of State of Illinois a certificate of amendment changing its name from the Cleveland Metal Products Company to the Perfection Stove Company.

The Secretary of State, through mistake, computed the franchise tax for the year ending June 30, 1925, on $15,000,-000.00 capital instead of on $10,000,000.00. The tax as thus erroneously computed amounted to $1,000.00, which claimant paid, whereas, had it been correctly computed on the actual capital of $10,000,000.00, the tax would have been only $443.75. It thus appears claimant paid $556.25 more than the State was entitled to receive.

The Attorney General has filed a statement and attached thereto as a part thereof a copy of a letter from the Secretary of State, in which letter the Secretary of State admits that claimant is entitled to a refund of $556.25.

As it clearly appears from the sworn declaration of claimant and the statement of the Attorney General that a mistake was made in computing the franchise tax of claimant, we award claimant the sum of $556.25.